FRANCISCO GONZÁLEZ FAGUNDO, Plaintiff and Appellee, *v.* JOSÉ ZENÓN BERRÍOS, Defendant and Appellant, and FAUSTINO BERRÍOS, Defendant.

No. 8209. Argued July 8, 1940.—Decided July 19, 1940.

384

*Miguel A. Muñoz* for appellant.  *Arturo Aponte* and *Faustino R. Aponte* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In a suit brought by Francisco González Fagundo against José Zenón Berríos and Faustino Berríos to recover compensation for professional services, the District Court of Humacao, on April 4th last, adjudged the defendants jointly and severally to pay to the plaintiff the sum of $3,350, as the balance of $5,000 in which his services were valued, with costs including $500 as attorney's fees. On the 22d of the same month the defendant José Zenón Berríos took an appeal from that judgment.

At this stage the plaintiff-appellee filed a motion to dismiss the appeal for failure to serve notice of the appeal on Faustino Berríos, a party aggrieved by the judgment.

The appellant objected on the ground that this court has not before it a sufficient basis on which to determine the question raised, as the record presented fails to show that codefendant Faustino Berríos would be adversely affected by the appeal.

Section 296 of the Code of Civil Procedure (1933 ed.) provides that an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and serving a similar notice on the adverse party, or his attorney.

From the certificate, issued by the clerk of the trial court and exhibited with the motion to dismiss, it appears that the notice of appeal was filed in the office of said clerk,

bearing a notation to the effect that a copy thereof had been served on the plaintiff. The document is silent as to whether the other defendant had been served with notice, which the plaintiff considers a necessary prerequisite for this court to acquire jurisdiction.

Can it be inferred from such silence that the appeal was not notified to the other defendant? We do not think so, since the clerk in his certificate confines himself to the statement that the notice, in the form transcribed, had been filed, which does not exclude the possibility that proof of the service of notice on the other defendant had been separately filed.

The appellant has not yet filed his record of appeal in this Supreme Court. It is the plaintiff-appellee who has requested the dismissal of the appeal for the failure to make such service, and as he has the affirmative, the burden is on him to prove his assertion.

The appellant is therefore right in his first ground of opposition, namely, that the record before us does not furnish a sufficient basis on which to decide the question raised. He is also right in the second ground adduced. The defendant who was not served with notice, if it be a fact that he was not so served, is not an adverse party; he will suffer no prejudice by reason of the appeal; on the contrary, he may receive a benefit if the judgment is reversed or modified so as to reduce the amount thereof.

Not long ago, in the case of *Oliveras* v. *González,* 52 P.R.R. 853, 855, this court said:

"The authorities are very numerous on the point, and as summarized in a note to the case of *Nelson Bennett Co.* v. *Twin Falls Land etc. Co.,* 13 Idaho 767, found in volume 13 of American and English Annotated Cases, pages 181–185 appear to have laid down the following rules:

"'It may be stated as a well-settled rule that a notice of appeal must be served on all the adverse parties.'

"The rule finds support in cases from California, Colorado, Idaho, Iowa, Louisiana, Michigan, and other states.

" 'Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal is taken is an adverse party within the meaning of a statutory provision requiring a notice of appeal to be served on all adverse parties.'

"In support of the principle, decisions are cited from ten states of the Union.

" 'Coparties to an action who do not join in an appeal must be served with notice of appeal when their interests are adverse to that of the party prosecuting the appeal.'

"The decisions of this Court are in line with the principles so enunciated. See: *Candelas* v. *Ramírez et al.*, 20 P.R.R. 31; *Galafar* v. *Succession of Morales*, 22 P.R.R. 458; *Torres* v. *Heirs of Caballero*, 39 P.R.R. 654; and *Carrión* v. *Toral et al.*, 44 P.R.R. 412.

"The result is that it is not enough for one to be a co-defendant in order that notice of an appeal taken by another defendant be given, but it is also necessary that one's interest be adverse to that of the appellant."

We have already seen that the interest of the defendant Faustino Berríos is not adverse to, but in common with, that of his codefendant, José Zenón Berríos, who took the appeal. Service of notice on the former was unnecessary. Consequently, the lack of such service is not a ground for dismissal.

The motion of the appellee must be denied.

Mr. Justice De Jesús took no part in the decision of this case.